Kenneth J. Turnbull
kturnbull@morganlewis.com
Ashley Hale
ahale@morganlewis.com
Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000 (Telephone)
(212) 309-6001 (Fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| WELLS FARGO ADVISORS LLC, | : | **ELECTRONICALLY FILED** |
| Petitioner, | : | **No.:** _____ |
| v. | : | |
| REAGAN TUCKER, BENJAMIN DOOLEY, and MARVIN GLASGOLD, | : | |
| Respondents. | : | |

### PETITION TO DISMISS OR IN THE ALTERNATIVE STAY THE PENDING ARBITRATION AND COMPEL INDIVIDUAL ARBITRATION IN ACCORDANCE WITH THE BINDING ARBITRATION AGREEMENTS

Petitioner, by and through its undersigned attorneys, hereby seeks an Order to dismiss, or in the alternative stay the arbitration filed by Respondents Reagan Tucker ("Tucker"), Benjamin Dooley ("Dooley"), and Marvin Glasgold ("Glasgold") (collectively, "Respondents") before the American Arbitration Association ("AAA") and to compel individual arbitration of Respondents' claims. In support of its Petition, Petitioner states as follows:

### The Parties

1.      Petitioner, Wells Fargo Advisors LLC (hereinafter, "Wells Fargo" or "Petitioner"), is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 North Jefferson Avenue, St. Louis, Missouri 63103.

2. Upon information and belief, Respondent Reagan Tucker is a resident of Arlington, Texas. Tucker was employed by Wells Fargo from approximately March 18, 2013 to August 17, 2013.

3. Upon information and belief, Respondent Benjamin Dooley is a resident of Garfield, New Jersey. Dooley was employed by Wells Fargo from approximately May 9, 2012 to August 16, 2012 and then again from December 18, 2012 to May 4, 2013.

4. Upon information and belief, Respondent Marvin Glasgold is a resident of Lake Grove, New York. Glasgold was employed by Wells Fargo from approximately July 18, 2011 to January 10, 2012.

## Jurisdiction and Venue

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, as Respondents have alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, in their arbitration, and accordingly this Court possesses federal question jurisdiction.

6. This Court has supplemental jurisdiction of the New York Labor Law ("NYLL") claims pursuant to 28 U.S.C. §1367, as the NYLL claims arise out of the same nucleus of operative facts, namely Respondents' employment with Petitioner.

7. Venue is proper in this district because Respondents have filed their arbitration in New York, New York.

## Factual Allegations

**Respondents Tucker, Dooley, and Glasgold's Employment and Arbitration**

8. In consideration for their employment with Wells Fargo as "New Financial Advisors," each Respondent executed a New Financial Advisor Training Agreement ("Agreement"). Under the Agreements, in exchange for Wells Fargo's acceptance and evaluation of Respondents'

3

applications for employment and its hiring of Respondents, Respondents each agreed to arbitrate "any controversy or dispute" with Wells Fargo. Copies of the Agreements are attached to the Declaration of Kenneth J. Turnbull in Support of Petition to Dismiss or in the Alternative Stay the Pending Arbitration and Compel Individual Arbitration in Accordance With the Binding Arbitration Agreements ("Turnbull Decl.) at Exhibits ("Exs.") A – C.[1]

9. Paragraph 14 of the Agreements provides in relevant part:

> you agree that any controversy or dispute, including but not limited to, claims of wrongful termination, breach of contract, discrimination, harassment, retaliation, infliction of emotional distress, tortuous interference with business or contract, federal, state or local statute or ordinance and/or other theory, arising between you and Wells Fargo Advisors, shall be submitted for arbitration before FINRA. If the FINRA does not accept the controversy, dispute or claim, or any portion thereof, then the non-accepted controversy, dispute or claim shall be submitted for arbitration before the American Arbitration Association pursuant to its Securities Arbitration Rules, effective May 1, 1993.

10. Tucker worked at Wells Fargo's Forth Worth, Texas branch office from approximately March 18, 2013 to August 17, 2013.

11. Dooley worked at Wells Fargo's Smithtown, New York branch office from approximately May 9, 2012 to August 16, 2012 and then again from December 18, 2012 to May 4, 2013.

12. Glasgold worked at Wells Fargo's Syracuse, New York branch office from approximately July 18, 2011 to January 10, 2012.

13. Upon information and belief, on or about July 23, 2015, Respondents filed a Statement of Claim with FINRA. A copy of the FINRA Statement of Claim is annexed to the Turnbull Decl.

---

[1] Redactions have been made to non-relevant portions of the Agreements containing sensitive information.

at Ex. D.  Upon information and belief, FINRA has declined to administer Respondents' arbitration.

14. Upon information and belief, on or about July 23, 2015, as Respondents "anticipate[d] that FINRA will not administer [the arbitration] because it is a class action," Respondents filed a nearly identical Statement of Claim with the American Arbitration Association ("AAA").  A copy of the AAA Statement of Claim is annexed to the Turnbull Decl. at Ex. E.

15. The claims in the Statements of Claim are all employment-related claims.  Respondents have alleged that they were not exempt from federal and state wage and hours laws yet were not paid for all overtime hours worked in violation of the FLSA and NYLL.  See Exs. D and E.

16. As these claims relate to disputes between Respondents and Wells Fargo, pursuant to the Agreements, Respondents are required to individually arbitrate these claims before FINRA, and if FINRA will not accept the claim, before the AAA.  Exs. A – C.

17. Respondents seek to bring the FLSA claims, on behalf of themselves and other Wells Fargo financial advisors, as an "opt-out class arbitration."  Ex. E ¶ 81.

18. Respondents seek to bring the NYLL claims, on behalf of themselves and other Wells Fargo financial advisors who have worked at Wells Fargo locations in the State of New York, on a class wide basis.  Ex. E ¶ 100.

19. The Agreements' arbitration clause does not authorize class wide arbitration.  Exs. A – C.

**Plaintiff Erika Williams' Previously Filed Collective Action Pending In the Northern District of Illinois**

20. Erika Williams ("Williams") is a former Wells Fargo employee.

21. On March 20, 2014, Williams, on behalf of herself and "all others similarly situated," filed a complaint ("Williams Complaint") against Wells Fargo Advisors, LLC in the United

States District Court for the Northern District of Illinois, Case No. 14-CV-1981- JJT-AK.  A copy of the Williams Complaint is annexed to the Turnbull Decl. at Ex. F.

22. Williams alleges, *inter alia*, that she was not exempt from the FLSA, yet she was not paid for all overtime hours worked, in violation of the FLSA.  Ex. F.

23. Williams, on behalf of herself and all others similarly situated, seeks collective action treatment of her overtime claims under the FLSA.  Ex. F at ¶¶ 18, 40-46.

24. Williams and Respondents have alleged the same claims against Wells Fargo, namely that certain New Financial Advisors were not paid overtime wages, in violation of the FLSA.

25. Williams filed her complaint first in the Northern District of Illinois.

26. Respondents are putative members of the Williams collective action.

## Prayer for Relief

27. The parties' agreement to arbitrate the claims covered by the Agreements is enforceable in this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., which specifically authorizes this Court, upon Petition, to enter an Order directing that arbitration proceed in the manner provided for in the arbitration agreement.  *See* 9 U.S.C. § 4.

28. The parties' agreement to arbitrate the claims covered by the Agreement is also enforceable by this Court pursuant to New York C.P.L.R. § 7503, which authorizes this Court to enforce an agreement to arbitrate through the issuance of an Order compelling arbitration in the manner specified in the Agreement.

29. The FAA authorizes courts to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4.  The parties did not agree to arbitrate any claims on a class wide basis and therefore this Court should Order Respondent to arbitrate their claims on an individual basis.

30. The FLSA claims alleged by Respondents in their arbitration substantially overlap with the claims in the earlier-filed *Williams* action and must be dismissed, or in the alternative stayed, under the well-settled legal doctrine of the "first-filed" rule.

**WHEREFORE,** Petitioner Wells Fargo requests that the Court enter an Order:

A. Dismissing or staying AAA Arbitration No. 01-15-0004-3432;

B. Directing Respondents that they must arbitrate their claims on an individual basis; and

C. Awarding Petitioner such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 30, 2015

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Kenneth J. Turnbull*
Kenneth J. Turnbull
Ashley Hale
101 Park Avenue
New York, NY  10178
212.309.6000
212.309.6001 (fax)
kturnbull@morganlewis.com
ahale@morganlewis.com

*Attorneys for Petitioner*
*Wells Fargo Financial Advisors LLC*