UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO ADVISORS LLC,<br><br>                    Petitioner,<br><br>          v.<br><br>REAGAN TUCKER, BENJAMIN DOOLEY,<br>and MARVIN GLASGOLD,<br><br>                    Respondents. | Civil Action No.  15-cv-07722 |

**MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS'
REQUEST TO FILE A SUR-REPLY**

MORGAN, LEWIS & BOCKIUS LLP
Kenneth J. Turnbull
Ashley Hale
101 Park Avenue
New York, NY 10178
212.309.6000
212.309.6001 (fax)
kturnbull@morganlewis.com
ahale@morganlewis.com

*Attorneys for Petitioner*
*Wells Fargo Advisors LLC*

Petitioner Wells Fargo Advisors LLC ("Wells Fargo" or "Petitioner") hereby submits this Memorandum of Law in opposition to Respondents Request to File a Sur-Reply.

On September 30, 2015, Wells Fargo filed a Petition to Dismiss or in the Alternative Stay the Pending Arbitration and Compel Individual Arbitration in Accordance With the Binding Arbitration Agreements.  Dkt. 1.  Respondents filed their Memorandum of Law in Opposition to that Petition on November 3, 2015.  Dkt. 24.  On November 17, 2015, Wells Fargo filed its Reply Memorandum of Law in Further Support of its Petition to Dismiss or in the Alternative Stay the Pending Arbitration and Compel Individual Arbitration in Accordance With the Binding Arbitration Agreements.  Dkt 29.  Now, more than <u>six months later</u>, Respondents seek permission to file a sur-reply.  In support of their application, Respondents assert that "Wells Fargo for the first time raised [in Reply] that the arbitration agreements at issue in this matter are governed by the 1993 Securities Arbitration Rules." Dkt. 41, p. 2.  This assertion is both disingenuous and demonstrably false.  Respondent's motion should be denied.

Respondents' request should be denied because their conclusory allegation that the sur-reply is needed to "address important new legal and factual issues raised by Wells Fargo for the first time in their Reply" is false.  Respondents have utterly failed to identify any arguments that were first raised by Wells Fargo in its reply.  *Cf. In re Old CarCo LLC*, 454 B.R. 38, 44 (Bankr. S.D.N.Y. 2011), *aff'd*, No. 11 CIV. 5039 DLC, 2011 WL 5865193 (S.D.N.Y. Nov. 22, 2011), *aff'd sub nom. In re Old Carco LLC*, 509 F. App'x 77 (2d Cir. 2013) (denying request to file sur-reply because "the purpose for granting a motion to file a surreply is to afford a party the opportunity to address arguments first raised in the opposing party's reply," and "the issues addressed in the surreply were not first raised in the reply").

Respondents' assertion that the 1993 Rules were first raised in Wells Fargo's Reply is patently wrong. Even a cursory review of Wells Fargo's submissions reveals that in both its initial Memorandum of Law and its Reply Memorandum, Wells Fargo pointed out that the arbitration agreements at issue expressly provide that arbitrations are to be conducted in accordance with the 1993 Rules. *See* Memorandum of Law at pages 3 and 7 (Dkt. 14); Reply Memorandum of Law at pages 8 – 9 (Dkt. 29). In fact, Wells Fargo provided the Court with a copy of the 1993 Rules when it filed its Memorandum of Law. *See* Ex. G attached to the Declaration of Kenneth J. Turnbull, Dkt. 15. Respondents' disingenuousness is further evidenced by the fact that Respondents have already presented the same arguments they seek to make in their sur-reply. *See* Respondents' Memorandum of Law In Opposition to the Petition to Dismiss or in the Alternative Stay the Pending Arbitration and Compel Individual Arbitration In Accordance With the Binding Arbitration Agreements. Dkt. 24, pp. 9-11.

While granting permission to file a sur-reply rests with the sound discretion of this Court, because Wells Fargo raised no new arguments in its Reply memorandum, and because the proposed sur-reply merely repeats arguments already made in their opposition memorandum, Respondents' request should be denied. *In re Wireless Tel. Servs. Antitrust Litig.*, 385 F. Supp. 2d 403, 429 (S.D.N.Y. 2005) (denying request to file a sur-reply where no new arguments were raised in reply); *see also Miller v. IBM World Trade Corp.*, No. 06 CIV. 4452 (DLC), 2007 WL 700902, at *2 (S.D.N.Y. Mar. 8, 2007) (denying request for leave to file sur-reply where "reply raised no new arguments, and the requested sur-reply . . . merely repeats the arguments already made in [the] opposition"). [1]

---

[1] Respondents' request should also be denied because Respondents have improperly submitted their proposed sur-reply along with their request for leave to file a sur-reply. By filing their sur-
(Footnote continued)

Finally, Respondents' request must be denied because it is untimely. Respondents have offered no excuse – other than their desire to have the last word – for their failure to file this request for the past six months. Respondents had the opportunity to raise every argument they make in their sur-reply when they filed their memorandum in opposition in November 2015. *See Hicks v. T.L. Cannon Corp.*, No. 12-CV-6517T, 2013 WL 2423782, at *3 (W.D.N.Y. June 4, 2013) (denying request to file sur-reply where "[n]ot only did Plaintiffs have an opportunity to reply to the [contested] assertion . . . Plaintiffs did, in fact, reply to that assertion in their memorandum of law in opposition to Defendants' motion to transfer venue."). Now, six months after the fact, Respondents should not be permitted to file a sur-reply. *In re Lehman Bros. Holdings Inc.*, 535 B.R. 608, 618-19 (S.D.N.Y. 2015) ("the Court agrees with Shield that six weeks is too long to wait to request leave to file a sur-reply") (emphasis added).

Respondents' insincere request to file a sur-reply – six months after having read Wells Fargo's Reply – should not be permitted where the basis for their request is incorrect (Wells Fargo made no new arguments in Reply) and where their argument is not only repetitive of their previous submissions, but it is legally inaccurate. To the extent Respondents are permitted to file their sur-reply, Wells Fargo respectfully requests the opportunity to submit a sur-sur reply.

---

reply contemporaneously with their request for leave, Respondents have attempted to evade the requirement of having to request permission. *See United States v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 383, 385 (S.D.N.Y. 1975) ("The proposed . . . papers should not accompany the request for leave to submit them. To permit the . . . papers to accompany the request, as they do in the instant case, is to enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance. Therefore, the . . . papers themselves shall not be submitted until the court, having received and reviewed the application to file, invites them."); *see also Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990) ("The proposed [sur-reply] papers should not accompany the request for leave to submit them.").

| | |
|---|---|
| Dated:  May 31, 2016<br>         New York, New York | Respectfully submitted,<br><br>     /s/ *Kenneth J. Turnbull*     <br>Kenneth J. Turnbull<br>Ashley Hale<br>Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, NY  10178<br>212.309.6000<br>212.309.6001 (fax)<br>kenneth.turnbull@morganlewis.com<br>ashley.hale@morganlewis.com<br><br>*Attorneys for Defendant*<br>*Wells Fargo Financial Advisors LLC* |