UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
WELLS FARGO ADVISORS, L.L.C.,          :
                                       :
                          Petitioner,  :
                                       :
               -against-               :   15-CV-7722 (VEC)
                                       :
REAGAN TUCKER, BENJAMIN DOOLEY,        :
MARVIN GLASGOLD,                       :   OPINION AND ORDER
                                       :
                          Respondents. :
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2016

VALERIE CAPRONI, United States District Judge:

Before the Court is Respondents' motion pursuant to Rule 59(e) to amend or modify the Court's judgment.[1] Dkt. 45 ("Resp. Mem."). The Court found in Respondents' favor on July 1, 2016, and denied Petitioner's petition to dismiss ongoing class-wide arbitration between the parties and to compel individual arbitration. Because no other relief was requested by either party, the Court directed that this case be closed and judgment entered for Respondents. Dkt. 44. Respondents' motion to modify the judgment argues that the Court should enter a stay, rather than dismiss the case, under Section 3 of the Federal Arbitration Act (FAA), 9 U.S.C. § 3. Section 3 requires the Court to stay underlying proceedings once it determines that the issues in the case should be resolved through arbitration. But Section 3 does not apply when there is no underlying proceeding to stay, as is the case here. Accordingly, Respondents' motion to amend or modify the Court's judgment is DENIED.

---

[1] Capitalized terms not defined herein have the meaning given in the Court's Opinion and Order dated July 1, 2016, Dkt. 43 (the "July 1 Opinion" or "Op.").

1

**BACKGROUND**

This action arises out of a wage and hour dispute between the parties. Op. at 2. Respondents initiated class-wide arbitration against Petitioner on July 23, 2015. *Id.* Petitioner filed this action to compel individual, rather than class arbitration, arguing that the terms of the parties' arbitration agreement do not permit a collective remedy. *Id*. at 4. The Petition sought an order pursuant to Section 4 of the FAA compelling individual arbitration and dismissing Respondents' collective arbitration proceeding. Pet. ¶¶ 29-30.

The Court denied the Petition on July 1, 2016. The July 1 Opinion concluded that the parties' agreement required them to submit the question of whether individual arbitration was required to the arbitrator in the first instance—in short, the Court found that the Petition presented an arbitrable question. Op. at 5, 14. Because Respondents had never initiated litigation, the July 1 Opinion resolved the only issues presented to the Court. Nonetheless, "out of an abundance of caution," the Court directed the parties to inform the Court whether they requested a stay of the proceedings, rather than dismissal.[2] *Id.* at 14-15. Respondents never requested a stay and the case was dismissed on August 26, 2016.[3] Dkt. 44. Recognizing, belatedly, that a stay might be in their tactical interest, Respondents filed the present motion to amend the judgment to reinstate and stay proceedings pending the conclusion of arbitration. Resp. Mem. at 1.

---

[2]   The parties were directed to inform the Court if they requested a stay on or before July 22, 2016. Op. at 15. Although no party timely requested a stay, this case nonetheless remained open until August 26, 2016, when the Court ordered that it be closed.

[3]   Respondents did timely request a stay in a related proceeding, *Wells Fargo Advisors, LLC v. Sappington, et al.,* No. 16-cv-878 (VEC), Dkt. 33. The Court stayed proceedings in the *Sappington* action on September 2, 2016, Dkt. 34. There is no legally significant difference between the *Sappington* action and this one. For the reasons stated herein, the Court will by separate Order lift the stay in the *Sappington* action, and order that case to be terminated in accordance with this Opinion.

## ANALYSIS

"A motion for reconsideration should be granted only when a party identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). These requirements are not to be taken lightly; "Rule 59(e) is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Wallace Wood Properties v. Wood*, No. 14-cv-8597 (LTS), 2015 WL 7779282, at *2 (S.D.N.Y. Dec. 2, 2015) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Respondents' motion argues that the Court's judgment should be vacated to prevent a "clear error" because Section 3 of the FAA requires a stay of proceedings. Resp. Mem. at 1. According to Respondents, the difference between a stay and dismissal of the case has practical implications: if the Court stays proceedings, the parties assume there will be no final decision in this case, and Petitioner will be unable to file an appeal that might delay arbitration further. *Id.* at 3. On the other hand, an order dismissing the case will clearly be a "final decision," immediately appealable under Section 16 of the FAA, 9 U.S.C. § 16(a)(3). Respondents argue that a stay is required by the Second Circuit's decision in *Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015), which holds that a stay of further proceedings is mandatory if the district court requires the parties to arbitrate their underlying dispute. 794 F.3d at 346; Resp. Mem. at 1-2.

As Respondents concede, however, "the procedural setting in [this case] is slightly different from *Katz*." Resp. Mem. at 2. Respondents' characterization of the difference as "slight" is curious because the difference in procedural posture is fatal to Respondents'

argument. Unlike in this case, the plaintiff-respondent in *Katz* had filed a complaint, seeking to litigate the merits of the dispute between the parties. *Katz*, 794 F.3d at 343. The district court granted the defendants' petition to compel arbitration, but refused to stay the case, citing several circuits that had held that a stay under Section 3 is discretionary. *Id.* at 344. The Second Circuit rejected that approach and held that the plain text of Section 3 leaves the district court no discretion; if Section 3 applies, a stay is mandatory. *Id.* at 345-46. Thus, the critical question here is whether Section 3 applies in this case, given the difference between its procedural posture and the procedural posture in *Katz*.

Section 3 only applies when the underlying dispute is before the court, as it was in *Katz*. In relevant part, Section 3 provides:

> If any suit or proceeding be brought . . . upon any issue referable to arbitration . . . , the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . , shall on application of one of the parties stay the trial of *the action* until such arbitration has been had in accordance with the terms of the [parties'] agreement.

9 U.S.C. § 3 (emphasis added). Section 3 applied to the scenario in *Katz* because the *Katz* plaintiff's underlying claims remained pending—they were "the action" referenced in the italicized text above. Even after compelling arbitration, the district court in *Katz* had jurisdiction over an ongoing, live controversy between the parties—albeit one likely to be resolved ultimately by the arbitration proceeding.

In contrast to the procedural posture in *Katz*, the only proceeding before this Court was the Petition, brought under Section 4 of the FAA, to compel individual arbitration in an existing arbitration proceeding. The Court denied the Petition, resolving Petitioner's only claim for relief. The ongoing "action" that was present in *Katz* does not exist here. In fact, no "action" exists to stay at all.

Respondents have not identified any case in which a court found that a petition to compel individual arbitration could also double as "the action" to be stayed under Section 3.  The only cases the Court has found on point hold that Section 3 does not apply in these circumstances.  In *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258 (11th Cir. 2015), the Eleventh Circuit rejected essentially the argument Respondents are making here.  In *Wise Alloys*, a union initiated arbitration against its members' employer to resolve a dispute over cost of living adjustments.  *Id.* at 1263.  The employer refused to participate, and the union filed an action to compel arbitration.  *Id.* at 1264.  As in this case, arbitrability was the only question presented to the court.  *Id.*  No other claims had been filed.  The Eleventh Circuit held that Section 3 did not apply because "once the district court granted summary judgment on the sole relief sought—compelled arbitration—no 'action' to be tried existed, so there was nothing to stay."  *Id.* at 1268.  The Eleventh Circuit also found that a petition to compel arbitration is not a "suit or proceeding . . . upon an[] issue referable to arbitration," as Section 3 requires, because a standalone petition to compel arbitration does not present a substantive issue to the Court.  *Id.*

The District of Connecticut recently reached the same conclusion in a decision post-dating *Katz*.  *See Wilmington Sav. Fund Soc'y, FSB v. Universitas Educ., LLC*, 164 F. Supp. 3d 273, 293 (D. Conn. 2016).  Like in this case and in *Wise Alloys*, the only issue before the *Wilmington Savings* court was whether to compel arbitration.  *Id.* at 278, 293.  The Court ordered the parties to arbitration and refused to stay the case, explaining that Section 3 did not apply because the court was "bereft of proceedings to stay."  *Id.*[4]

---

[4] The *Wilmington Savings* court's reference to the now-disfavored independent/embedded framework does not lessen this conclusion.  It is true that the independent/embedded framework was rejected by the Supreme Court.  *See Salim Olechemicals v. M/V SHROPSHIRE*, 278 F.3d 90, 92 & n.2 (2d Cir. 2002) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000)).  Nonetheless, the *Wilmington Savings* court reasoned from the text of

Respondents' position boils down to the argument that these proceedings should be stayed because a stay is consistent with the FAA's pro-arbitration policy.[5] Unless the Court enters a stay, the parties assume Petitioner will be able to file an appeal, further delaying arbitration.[6]  Resp. Mem. at 3.  That is a valid concern, but the FAA's pro-arbitration policy is not a basis for the Court to re-write the otherwise plain language of Section 3.  Moreover, the FAA's pro-arbitration policy is not unyielding.  Under Section 16, any "final decision with respect to an arbitration" is appealable, regardless of whether it is arbitration-forcing.  *See Randolph*, 531 U.S. at 86.  The potential for some delay and inefficiency is the cost of adhering to traditional notions of what it means for a judgment to be final.  *See Corion Corp. v. Chen*, 964 F.2d 55, 59 (1st Cir. 1992); *see also* 15B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3914.17 (2d ed. 2016 Supp.) (noting that the pro-arbitration policy of the

---

Section 3, and its reference to the independent/embedded framework is best read as providing helpful context for the decision as opposed to being its jurisprudential underpinning.

[5]  The Court acknowledges that an argument can be made that this case falls somewhere in between *Katz* and *Wise Alloys*.  Here, the Petitioner asked the Court to determine whether individual or collective arbitration is required.  The Court did not actually decide that issue, holding instead that it was for the arbitrator to decide.  Although there is no remaining request for relief, the issue that was presented to the Court is still, in some sense, a live issue.  However the arbitrator decides that question the issue could return to the Court if one of the parties seeks review of the arbitral decision.  Arguably the correctness of the arbitrator's decision on the issue initially presented is an "issue" that remains before the Court, at least in the same way that the claims in *Katz* remained before that Court.  Because Section 3 speaks to "issues" and not "claims" or "causes of action," Respondents perhaps could have made a textual argument that the statute applies to this scenario.

Although not advanced by Respondents, the Court considered that possibility and concluded that would be an overly strained interpretation of the statute.  The heartland of the statute is clearly the *Katz* situation where the Court has jurisdiction over actual claims for relief that remain live.  *Cf. Wise Alloys*, 807 F.3d at 1268 (interpreting Section 3 to apply only when suit is brought on a "substantive" issue referred to arbitration).  Nonetheless, recognizing the pro-arbitration policy embodied in the FAA, it is possible to read the text to cover this situation: there was an "action," and although all "issues" in the action were referred to arbitration, an "action" still exists that can be stayed because the Court did not rule on the arbitrable question presented.  Although that is a conceivable interpretation of Section 3, the Court does not believe it is the best reading of the statute.

[6]  The Court also doubts that entering a stay of this case would necessarily have the impact assumed by Respondents.  As the *Wise Alloys* court explained, finality does not depend necessarily on whether the Court enters judgment or stays further proceedings.  A decision that disposes of all claims before the Court is a final decision regardless of whether the Court labels the case as stayed.  *See Wise Alloys*, 807 F.3d at 1267-68.

FAA "would be well served by denying appeal from any order compelling arbitration until the arbitration has been completed," but recognizing that this is not always the result under Section 16).

## CONCLUSION

Respondents' motion to amend or alter the judgment is DENIED. The Clerk of Court is respectfully requested to close the open motion at docket entry 45.

**SO ORDERED.**

Date:  October 21, 2016  
       New York, New York

_____  
**VALERIE CAPRONI**  
**United States District Judge**